# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

### NORTHERN DIVISION

———— FILED ———— ENTERED
———— LOGGED ———— RECEIVED

JAN – 4 2021

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                              DEPUTY

CLINTON STRANGE,

*Plaintiff*

v.

PLUTON TECHNOLOGIES PRIVATE LIMITED;

a Pakistan Non-Government Private Limited Company

KZK COMPANY, LLC;

a Maryland Domestic Limited Liability Company

&

MOHAMMAD ARSHAD KHAN,

Individually and in his roles as Chief Executive Officer of both KZK Company, LLC &

Pluton Technologies Private Limited

*Defendants*

**\*\*\*JURY TRIAL DEMANDED\*\*\***

## CIVIL ACTION COMPLAINT

### FOR ALLEGED VIOLATIONS OF:

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

### THE LOUISIANA CALLER ID ANTI-SPOOFING ACT OF 2009

### &

### MARYLAND COMMERCIAL LAW ARTICLE 14-3201 *et seq.*

## PRELIMINARY STATEMENT:

1. The Plaintiff *pro se* Clinton Strange ("PLAINTIFF") brings this private enforcement action in good faith against PLUTON TECHNOLOGIES PRIVATE LIMITED ("PLUTON") a Pakistan Non-Government Private Limited Company; KZK COMPANY, LLC ("KZK") a Maryland Domestic Limited Liability Company, and MOHAMMAD ARSHAD KHAN ("KHAN") Individually and in his roles as Chief Executive Officer of both KZK Company, LLC & Pluton Technologies Private Limited ("DEFENDANTS") for alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and other various State Laws for allegedly placing [*circa* 68] autodialed telemarketing calls to the Plaintiff's cellphone number 318-423-5057 which is registered on both the Federal and Louisiana Do-Not-Call List Registries that utilized local "neighborhood spoofed" Caller ID numbers in an apparent attempt to solicit household AT&T / DirecTV Satellite Television Services.

2. The Plaintiff seeks a maximum award of [the greater of] actual and or statutory damages, injunctive relief enjoining Defendants from future violations, pre & or post judgment interest, together along with all costs and fees associated with bringing and litigating the action to judgment.

## JURISDICTION & VENUE:

3. Jurisdiction primarily arises in this Court under a Federal Question [as the TCPA is a Federal Statute] pursuant to 28 U.S. Code § 1331.

4. Supplemental Jurisdiction would be properly applied because the Plaintiff's State Law Claims arise out of the same alleged misconduct that is under Federal Question Jurisdiction pursuant to 28 U.S. Code § 1367.

5. Venue lies proper in this U.S. District Court because the Defendants will be found here, or alternatively will [in the case of Pluton] be subject to this Court's personal Jurisdiction via the common ownership via Defendants Khan & KZK pursuant to 28 U.S. Code § 1391.

## THE PARTIES:

6. **Plaintiff CLINTON STRANGE**, is an adult individual residing at the address of:

CLINTON STRANGE
7021 WINBURN DRIVE
GREENWOOD, LA 71033

7. **Defendant PLUTON TECHNOLOGIES PRIVATE LIMITED** is a Pakistan Non-Government Private Limited Company. According to the Securities and Exchange Commission of Pakistan this entity maintains a principal place of business at:

PLUTON TECHNOLOGIES PRIVATE LIMITED

SUIT #210, 2ND FLOOR, EDEN TOWERS, MAIN BOULAVARD, GULBERG II Gulberg Town Punjab, Pakistan

8. **Defendant KZK COMPANY, LLC** is a Maryland Domestic Limited Liability Company. According to the Maryland Department of Assessments & Taxation this entity is principally headquartered and maintains a registered agent listed as:

MOHAMMAD ARSHAD KHAN

1519 HOPEWELL AVE

ESSEX MD 21221

9. **Defendant MOHAMMAD ARSHAD KHAN** is named individually and in his roles as Chief Executive Officer of both KZK Company, LLC & Pluton Technologies Private Limited. Plaintiff is informed and believes that this Defendant is domiciled at the address of:

MOHAMMAD ARSHAD KHAN

1519 HOPEWELL AVE

ESSEX MD 21221

## THE FACTUAL ALLEGATIONS:

### The Defendants' Alleged Organizational Structure

10. Defendant Pluton's Two known principals are: CEO, MOHAMMAD ARSHAD KHAN, and Director, MUHAMMAD RIZWAN KHAN.

11. Pluton was registered with the Securities and Exchange Commission of Pakistan on July 24, 2019 as indicated by their online registration documents [See Below].



https://www.secp.gov.pk/company-name-search/company-details/?companyCUIN=0136983

page last visited 12/13/2020 at 7:51pm CST

12. Plaintiff alleges that how the organization is structured is that MOHAMMAD ARSHAD KHAN oversees all the U.S. based operations, and relies on MUHAMMAD RIZWAN KHAN to handle all the (financial) operations based in the Middle East while holding and

leveraging his position as chief compliance officer for Al Dahab Exchange. Based in the

United Arab Emirates (UAE), Al Dahab Exchange provides remittance, foreign exchange

and payment services to customers in UAE. Plaintiff believes that Al Dahab Exchange

essentially is like our version of Western Union [See below]:



**https://aldahabexchange.ae/product/payment-services**

**page last visited 12/13/2020 at 8:43pm CST**

13. KZK Company, LLC has one principal which is CEO, MOHAMMAD ARSHAD

KHAN, and KZK through various agreements with Cable, Internet and Home Security

companies is an independent retailer of, among other U.S. Brands, AT&T/DirecTV.

14. Plaintiff is informed and believes that KZK's U.S. based operations are controlled by

Defendant Khan and direct oversight of the call center operations (Pluton) is handled

primarily by KZK's Operations Manager FARHAN JAVED.

## **The Documented Incidents**

15. On or before September 18, 2019 the Plaintiff began to be bombarded with autodialed calls that displayed the same area code and prefix (first 6 digits) as the Plaintiff's cellphone number. According to the U.S. Federal Trade Commission ("FTC") this type of Caller ID manipulation technique is called "local neighborhood spoofing". Plaintiff received approximately 68 of these (types of) calls that virtually ended about 3 months later on December 19, 2019.

16. On September 18, 2019 at 2:31pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5233 as depicted in the below image labeled Figure A which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

17. On September 26, 2019 at 1:51pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5096 as depicted in the below image labeled Figure B which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure A**                    **Figure B**                    **Figure C**

18. On September 27, 2019 at 1:08pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7218 as depicted in the above image labeled Figure C which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

19. On October 7, 2019 at 12:33pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7960 as depicted in the below image labeled Figure D which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

20. On October 9, 2019 at 11:53am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1798 as depicted in the below image labeled Figure E which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



    **Figure D**      **Figure E**      **Figure F**

21. On October 10, 2019 at 4:35pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-2995 as

depicted in the above image labeled Figure F which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

22. On October 10, 2019 at 5:56pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-6145 as depicted in the below image labeled Figure G which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

23. On October 17, 2019 at 2:16pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1647 as depicted in the below image labeled Figure H which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure G**            **Figure H**            **Figure I**

24. On October 21, 2019 at 1:31pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8045 as depicted in the above image labeled Figure I which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure J**                **Figure K**                **Figure L**

25. On October 21, 2019 at 4:58pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5115 as depicted in the above image labeled Figure J which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

26. On October 23, 2019 at 11:47am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7534 as depicted in the above image labeled Figure K which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

27. On October 25, 2019 at 5:45pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1844 as depicted in the above image labeled Figure L which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure M**          **Figure N**          **Figure O**

28. On October 28, 2019 at 11:52am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1180 as depicted in the above image labeled Figure M which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

29. On October 28, 2019 at 2:43pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1627 as depicted in the above image labeled Figure N which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

30. On October 28, 2019 at 5:40pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-9802 as depicted in the above image labeled Figure O which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



|  Figure P  |  Figure Q  |  Figure R  |

31. On October 30, 2019 at 10:08am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5109 as depicted in the above image labeled Figure P which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

32. On October 31, 2019 at 3:14pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-2185 as depicted in the above image labeled Figure Q which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

33. On November 1, 2019 at 11:08am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-6091 as depicted in the above image labeled Figure O which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



| **Figure S** | **Figure T** | **Figure U** |

34. On November 1, 2019 at 12:12pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7337 as depicted in the above image labeled Figure S which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

35. On November 1, 2019 at 2:55pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-6350 as depicted in the above image labeled Figure T which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

36. On November 4, 2019 at 11:37am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8429 as depicted in the above image labeled Figure U which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure V**                    **Figure W**                    **Figure X**

37. On November 4, 2019 at 12:10pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1855 as depicted in the above image labeled Figure V which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

38. On November 5, 2019 at 3:10pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-9349 as depicted in the above image labeled Figure W which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

39. On November 6, 2019 at 9:41am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-2517 as depicted in the above image labeled Figure X which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



| **Figure Y** | **Figure Z** | **Figure AA** |
| --- | --- | --- |

40. On November 7, 2019 at 11:48am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1297 as depicted in the above image labeled Figure Y which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

41. On November 7, 2019 at 12:04pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8126 as depicted in the above image labeled Figure Z which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

42. On November 7, 2019 at 4:37pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7032 as depicted in the above image labeled Figure AA which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure BB**                    **Figure CC**                    **Figure DD**

43. On November 8, 2019 at 8:14am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-9214 as depicted in the above image labeled Figure BB which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

44. On November 8, 2019 at 10:34am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-6330 as depicted in the above image labeled Figure CC which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

45. On November 8, 2019 at 2:14pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-6052 as depicted in the above image labeled Figure DD which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



| **Figure EE** | **Figure FF** | **Figure GG** |

46. On November 8, 2019 at 3:20pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7917 as depicted in the above image labeled Figure EE which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

47. On November 11, 2019 at 3:59pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-2702 as depicted in the above image labeled Figure FF which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

48. On November 12, 2019 at 10:31am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8948 as depicted in the above image labeled Figure GG which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure HH**                **Figure II**                **Figure JJ**

49. On November 12, 2019 at 12:04pm CST Defendants placed a call to the Plaintiff's
cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-
9392 as depicted in the above image labeled Figure HH which Plaintiff represents is a
true and accurate representation of his cellphone screen in regard to the call.

50. On November 12, 2019 at 3:04pm CST Defendants placed a call to the Plaintiff's
cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-
8680 as depicted in the above image labeled Figure I I which Plaintiff represents is a true
and accurate representation of his cellphone screen in regard to the call.

51. On November 12, 2019 at 3:44pm CST Defendants placed a call to the Plaintiff's
cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-
4309 as depicted in the above image labeled Figure JJ which Plaintiff represents is a true
and accurate representation of his cellphone screen in regard to the call.



| Figure KK | Figure LL | Figure MM |

52. On November 13, 2019 at 11:34am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5190 as depicted in the above image labeled Figure KK which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

53. On November 13, 2019 at 4:37pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-3863 as depicted in the above image labeled Figure LL which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

54. On November 14, 2019 at 10:41am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1582 as depicted in the above image labeled Figure MM which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure NN**              **Figure OO**              **Figure PP**

55. On November 14, 2019 at 10:50am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7000 as depicted in the above image labeled Figure NN which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

56. On November 14, 2019 at 12:19pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-4567 as depicted in the above image labeled Figure OO which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

57. On November 14, 2019 at 1:35pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-9161 as depicted in the above image labeled Figure PP which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure QQ**                 **Figure RR**                 **Figure SS**

58. On November 14, 2019 at 2:42pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5520 as depicted in the above image labeled Figure QQ which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

59. On November 16, 2019 at 11:21am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-6540 as depicted in the above image labeled Figure RR which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

60. On November 18, 2019 at 9:37am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-6203 as depicted in the above image labeled Figure SS which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



| **Figure TT** | **Figure UU** | **Figure VV** |

61. On November 19, 2019 at 2:02pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8250 as depicted in the above image labeled Figure TT which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

62. On November 19, 2019 at 3:50pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1572 as depicted in the above image labeled Figure UU which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

63. On November 20, 2019 at 2:48pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8459 as depicted in the above image labeled Figure VV which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure WW**                    **Figure XX**                    **Figure YY**

64. On November 20, 2019 at 2:51pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5649 as depicted in the above image labeled Figure WW which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

65. On November 21, 2019 at 10:25am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-6942 as depicted in the above image labeled Figure XX which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

66. On November 21, 2019 at 4:24pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7319 as depicted in the above image labeled Figure YY which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure ZZ**          **Figure AAA**          **Figure BBB**

67. On November 22, 2019 at 11:15am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5994 as depicted in the above image labeled Figure ZZ which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

68. On November 22, 2019 at 3:10pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-3613 as depicted in the above image labeled Figure AAA which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

69. On November 23, 2019 at 12:42pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-5099 as depicted in the above image labeled Figure BBB which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure CCC**            **Figure DDD**            **Figure EEE**

70. On November 23, 2019 at 3:49pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7931 as depicted in the above image labeled Figure CCC which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

71. On November 25, 2019 at 3:37pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7125 as depicted in the above image labeled Figure DDD which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

72. On December 5, 2019 at 12:24pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8654 as depicted in the above image labeled Figure EEE which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure FFF**          **Figure GGG**          **Figure HHH**

73. On December 5, 2019 at 5:26pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-4145 as depicted in the above image labeled Figure FFF which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

74. On December 6, 2019 at 1:43pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8946 as depicted in the above image labeled Figure GGG which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

75. On December 10, 2019 at 4:08pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-9332 as depicted in the above image labeled Figure HHH which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure III**          **Figure JJJ**          **Figure KKK**

76. On December 11, 2019 at 8:59am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-9520 as depicted in the above image labeled Figure I I I which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

77. On December 11, 2019 at 11:30am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-3831 as depicted in the above image labeled Figure JJJ which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

78. On December 11, 2019 at 1:26pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-9346 as depicted in the above image labeled Figure KKK which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure LLL**          **Figure MMM**          **Figure NNN**

79. On December 14, 2019 at 4:08pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-9983 as depicted in the above image labeled Figure LLL which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

80. On December 16, 2019 at 12:36pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-4491 as depicted in the above image labeled Figure MMM which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

81. On December 17, 2019 at 12:03pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-8811 as depicted in the above image labeled Figure NNN which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.



**Figure OOO**                **Figure PPP**                **Figure QQQ**

82. On December 18, 2019 at 2:05pm CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-3165 as depicted in the above image labeled Figure OOO which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call.

83. On December 19, 2019 at 9:43am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-1019 as depicted in the above image labeled Figure PPP (Call # 68) which Plaintiff represents is a true and accurate representation of his cellphone screen.

84. On December 19, 2019 at 9:51am CST Defendants placed a call to the Plaintiff's cellphone number 318-423-5057 from a number appearing on his Caller ID as 318-423-7184 as depicted in the above image labeled Figure QQQ ( Call # 69) which Plaintiff represents is a true and accurate representation of his cellphone screen in regard to the call. The purpose of this 69th call was to get Plaintiff's consent to approve his order [See Exhibit A] because AT&T / DirecTV's entry Order System was blocking the order request due to Plaintiff's cellphone number was on "*the Do-Not-Call-List*" (meaning the

AT&T / DirecTV Internal DNC). Plaintiff recorded and subsequently transcribed the conversations in this and the foregoing paragraph [See Exhibits A & B].

### The Plaintiff's Alleged Harm & Damages

85. The Plaintiff's harm that resulted from the Defendants 75 unsolicited autodialed telemarketing calls (Detailed in Figures A-PPP) was that they:

A- Were an in invasion of the Plaintiff's Privacy, Seclusion and Solitude

B- Often came in while Plaintiff was eating and or preparing meals

C- Caused His phone to illuminate, vibrate, and ring which depleted the Plaintiff's cellphone battery which Plaintiff had to recharge at his own expense

D- Caused Plaintiff to waste his time dealing with the calls

E- Often made /caused Plaintiff to run from one end of his home to the other to go to where his phone was which made Plaintiff exert Physical and Mental energy

F- Interrupted Plaintiff precious time with family members on occasions

G- Were an absolute nuisance

H- Would often interrupt/disconnect Plaintiff's home television viewing through his cellphone's Google Chromecast Device

I- Would often interrupt / interfere with Plaintiff's web-browser sessions on his Cellphone's Google Chrome webbrowser

J- Deprived Plaintiff (via the local neighborhood spoofing) of the ability to bring an action for damages for TCPA violations sooner

### The Plaintiff's Allegations of ATDS Usage

86. An Automatic Telephone Dialing System ("ATDS") is defined as "equipment that has the capacity to (a) store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." The key term in this definition is "capacity." The U.S. Federal Communications Commission ("FCC") has held that this definition covers any equipment or software which has the capacity to

generate numbers and dial them without human intervention, regardless of whether the numbers called are randomly or sequentially generated or come from calling lists.

87. Defendant Khan's Linked in page (https://www.linkedin.com/in/muhammad-khan-b885b2182/detail/recent-activity/) details an exchange between Khan and IVRTools.com discussing the arrangement to obtain Interactive Voice Recognition ("IVR") software for (15 call center "seats"/employees) shortly before Plaintiff began receiving calls from Defendants.

88. Defendants' 68 (or more) unsolicited autodialed telemarketing calls (Detailed in Figures A-PPP as above) that were directed at the Plaintiff's cellphone number 318-423-5057 [meaning placed and or initiated] were pre-programmed into a sophisticated hardware/software system that would be programmed in advance to dial the Plaintiff's cellphone number at specific times "without human contact intervention" as can be recognized and discerned in patterns by examining the specific dates/ times of the calls.

89. Defendants' calls [that were actually connected to a live human agent] were made by a Vici Dial Software tool. Plaintiff knows that a Vici Dialer was being utilized because the IVR software would rarely, but sometimes, recognize that Plaintiff was on the other end of the "line" and would go "boop" (cause a droplet tone to sound) and after a few seconds the Plaintiff would hear the loud background noises of a busy overseas call-center and on occasion an agent would be alerted via a computer screen that a consumer was on-the-line and begin an exchange to solicit AT&T/DirecTV budling packages.

90. Other Courts have found that Vici Dialer Systems are an ATDS. See *Johnson v. Comodo Group*, Case No. 16-4469, DKT # 221 (D. N.J. Jan. 31, 2020) (finding VICIdialer is an ATDS as all predictive dialers are ATDS under *Marks*, which court follows.)

91. The below image labeled Figure RRR (Posted 12/15/2019 on Defendant Pluton's

Facebook account) shows that Pluton's calls are made utilizing Dell Laptops with an Intel

Chip.



**Figure RRR**

**https://www.facebook.com/plutontechnologies/**

Posted 12/15/2019

https://scontent.fmem1-1.fna.fbcdn.net/v/t1.0-
0/p180x540/79535718_171680494231014_906972989835182080_n.jpg?_nc_cat=100&ccb=2&
_nc_sid=8bfeb9&_nc_ohc=TMpS0h_2hHQAX9B6RRG&_nc_oc=AQkfvHggVED_TkeKjMD-
pvmC63FFRkQ9B7ki0UQLFYO5P0l0458YeZlHs6XhpjYaWUx4tZDXYIuGl6uVUl4r7u1w&_
nc_ht=scontent.fmem1-1.fna&tp=6&oh=3d021ffc6ef2d7de5fc96b8dcbee6e61&oe=6002BB36

https://support.microsoft.com/en-us/office/rand-function-4cbfa695-8869-4788-8d90-021ea9f5be73

page last visited 12/17/2020 at 7:43pm CST

92. As detailed in the above Web Capture (screenshot) the Defendants' outbound dialer technology (connected to Dell Laptops with an Intel Chip) are Windows based and come pre-loaded with software that has the present capacity to generate numbers at random using a random number generator. In fact, the Plaintiff can show that that capacity was actually being utilized both by the outbound dialer software (Vici Dialer) and the connected Caller ID manipulating (spoofing software) which was programmed to display 6 set numbers "318-423" followed by randomly generated numbers between 0000 – 9999 to form a complete 10-digit telephone number utilizing "RAND" (as of Excel 2010, Excel uses the *Mersenne Twister* algorithm (MT19937) to generate random numbers.)

### The Plaintiff's Usage of His Cellphone Residentially

93. Plaintiff utilizes his cellphone residentially (in-home) in a number of ways since he is a

home-bound service-connected Veteran receiving benefits at above the 100% rate

including:

A- A home telemedicine tool for connecting the Plaintiff with his VA Physicians and
   Mental Health providers though "Vets App" & "MyHealtheVet"
B- A cooking timer to help Plaintiff with preparing meals and recipes
C- In home web browsing of published content online
D- In home television viewing of streamed content off preferred platforms such as
   youtube.com via a connected Google Chromecast device
E- A (primary) home telephone number

### Plaintiff's Attempts to Mitigate Harm & Damages

94. On January 3, 2018 the Plaintiff registered his cellphone number 318-423-5057 on the

FTC's Do-Not-Call Registry.

95. On August 2, 2018 the Plaintiff registered his cellphone number 318-423-5057 on the

Louisiana Do-Not-Call Program Registry.

96. On October 24, 2019 at 10:33am CST the Plaintiff noticed a Claim on AT&T/DirecTV

via U.S. Certified Mail through AT&T'S Office for Dispute Resolution which

subsequently assigned Plaintiff a Claims Manager (Mr. Gary Volkman) who tried to help

identify Defendants (but was unable to – because Defendants were utilizing Spoofed

Caller ID Technology). Mr. Volkmann did add Plaintiff to the internal AT&T/DirecTV

Do-Not-Call / Do-Not-Solicit List and indicated that he transmitted out a request to all

independent retailers of AT&T/ DirecTV a Do-Not-Call request, but expressed

skepticism as to the validity of the Plaintiff's claims about whether or not these calls were

being placed by AT&T / DirecTV retailers.

97. Plaintiff provided Mr. Volkman with weekly and or bi-weekly updates to provide as much detail as possible to help identify the Defendants in order to put a stop to the harassment, but AT&T / DirecTV simply could not identify who was behind the calls.

98. Plaintiff voiced a Do-Not-Call request to Defendants' call center agents on calls where the ATDS / IVR Technology would connect him on several occasions including calls depicted in corresponding images as labeled above Figures F, DD, GG, PP, and DDD.

99. Defendant Khan was the orchestrator of the illegal marketing campaign and is personally and individually liable to the Plaintiff for violations of the parts herein;  and Applying this common-law rule to TCPA claims is consistent with the FCC's interpretation of "sender" because, as long as the officer is sufficiently involved in the illegal fax transmissions, liability lies with him or her as a "person" who is the source of the wrongful conduct. *See Palm Beach Golf Center-Boca*, 781 F.3d at 1257 ("By construing the sender as the party `on whose behalf facsimiles are transmitted,' the FCC has placed liability at the source of the offending behavior that Congress intended to curtail." (citation omitted)). Moreover, other statutes that use the term "any person" also have been interpreted to apply to corporate officers. *See, e.g., Maryland v. Universal Elections*, 787 F.Supp.2d 408, 416 (D. Md. 2011) (noting several statutes that impose liability on "any person," including corporate officers in their personal capacity). Thus, corporate officers who personally engage in or authorize actions that violate the TCPA may be held liable for those violations. ((Quoting *Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 163 (3d Cir. 2018)).

100.    At all times relevant hereto all the Defendants were acting in concert with the other Defendants herein and were part of an organized scheme that harmed the Plaintiff.

Each and every one of the named Defendants is jointly and severally liable to the Plaintiff for damages as detailed below.

## THE COUNTS & CAUSES OF ACTION:
### COUNT I:
### (Plaintiff v. All Defendants)
### Willful & Knowing Violations of Subsection "c" of the
### Telephone Consumer Protection Act's Do Not Call Restrictions
### 47 U.S. Code §227(c)

101.   Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

102.   Plaintiff is a residential phone subscriber whose telephone number is registered on the FTC's Don-Not-Call registry.

103.   Defendant placed more than one phone call to the DNC registered number within a one-year period.

104.   Plaintiff's cellphone number was registered on the DNC registry more than 31-days prior to the calls.

105.   The FTC's DNC registry seeks to protect residential subscribers who choose not to receive telemarketing calls. Plaintiff uses his cellphone as a residential line, and is not a commercial entity. All the calls were made to solicit (telemarket) Plaintiff.

106.   Defendants are liable to the Plaintiff for between $500 for each violation the Court or trier of fact deems negligently committed and $1,500 for each violation the Court or trier of fact deems was Willfully & knowingly carried out.

107.   Plaintiff alleges that 68 of the Defendants' 69 calls willfully and knowingly violated this subsection of the TCPA's Do Not Call provisions and seeks damages up to

$1,500.00 for each of the 68 violative calls totaling $102,000.00 (One Hundred Two Thousand U.S. Dollars).

## COUNT II:

### (Plaintiff v. All Defendants)

**Willful & Knowing Violations of Willful & Knowing Violations of Subsection "b" of the Telephone Consumer Protection Act's Restrictions on Autodialed Calls to a Cellphone 47 U.S. Code §227(b)**

108.    Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

109.    Plaintiff has no established business relationship with any of the herein named Defendants.

110.    None of the Defendants calls were made for an emergency purpose and do not fall under any FFC exemption for calls protected under the TCPA.

111.    All of the Defendant's calls (numbered 1-68 corresponding to Figures A-PPP) were made utilizing an ATDS) without the consent of the called party.

112.    Plaintiff was the called party in regard to each and every one of the Defendants' calls.

113.    Defendants are liable to the Plaintiff for between $500 for each violation the Court or trier of fact deems negligently committed and $1,500 for each violation the Court or trier of fact deems was Willfully & knowingly carried out.

**114.**    Plaintiff alleges that 68 of the Defendants' 69 calls willfully and knowingly violated this subsection of the TCPA's prohibition of unsolicited autodialed calls to a cellphone provisions and seeks damages up to $1,500.00 for each of the 68 violative calls totaling $102,000.00 (One Hundred Two Thousand U.S. Dollars).

## CAUSE OF ACTION III:

### (Plaintiff v. All Defendants)

**Willful & Knowing Violations of Louisiana Caller ID Anti- Spoofing Act of 2009**

**Louisiana Revised Statute 51: §1741.1 *et seq.***

115.     Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

116.     Defendants knowingly directed their violative conduct into the forum State of Louisiana by attempting to reach a consumer with a 318-area-code number.

117.     Defendant purposely, willfully, and knowingly utilized Caller ID manipulation software that concealed where the calls were originating from and enjoyed the anonymity that [that] misconduct provided – until they got caught by Plaintiff's purchase of an AT&T / DirecTV bundling package which AT&T's counsel stated to Plaintiff In an email dated July 13, 2020 at 4:52pm CST was "KZK Company, LLC" after first identifying them erroneously as "KZK Communications" on or prior to June 29, 2020.

118.     Louisiana Statutes and the U.S. Department of Veteran Affairs recognize that Plaintiff is a Statutorily defined Disabled person.

119.     Louisiana Revised Statute 51: §1741.1 states in the preamble "The legislature of the state of Louisiana finds that the citizens of this state are potential targets of a telephone scam known as "caller ID spoofing" or "caller ID fraud," which allows a caller to hide his or her true identity by modifying caller ID information with the intent to mislead, defraud, deceive, cause harm, or wrongfully obtain anything of value. It is, therefore, the intent of this Chapter to protect Louisiana citizens from such scams which have led to financial loss, the loss of personal information, harassment, and potentially threatening telephone calls.

120.     Louisiana Revised Statute 51: §1741.5(B) states "Any person or entity who is adversely affected by a violation of this Chapter may bring an action against a person who knowingly inserts false information into a caller identification system with the intent to cause harm to, wrongfully obtain anything of value from, mislead, defraud, or deceive the recipient of a telephone call. A person who brings an action under this Chapter may seek to enjoin further violations of R.S. 51:1741.4 and seek to recover as provided for in this Section.

121.     120.     Louisiana Revised Statute 51: §1741.5(C)  suggests [that it was the intent of the Louisiana Legislature] that a penalty of up to $10,000.00 per violation would be an appropriate damages amount in spoofing cases by stating  "The attorney general, or a district attorney in a parish where a violation occurs, may bring an action against a violator for injunctive relief and to recover a civil penalty of up to ten thousand dollars per violation."

122.     Plaintiff is a person who was harmed and suffered injury and loss as a result of Defendants' Caller ID manipulation. In a recent FCC decision, the commission stated " ...the misdirection Affordable created by using misleading or inaccurate caller ID numbers (some of which it had no valid right to use at all) allowed Affordable to also hide from potential civil actions brought by aggrieved individuals. The Commission has previously found that the avoidance of culpability, whether involving government enforcement actions or private lawsuits, is a benefit that qualifies as a thing of value — one with an ascertainable dollar value..." See *In the Matter of Affordable Enterprises of Arizona, LLC* No. 35 FCC Rcd 12142 DE *15 (Oct. 28, 2020) (adopted Oct. 28, 2020).

123.    Plaintiff seeks damages under this Cause of Action not to exceed $10,000.00 (Ten

Thousand U.S. Dollars) for each and every one of the Defendants' alleged 68 calls up to

$680,000.00 (Six Hundred Eighty Thousand U.S. Dollars) at the discretion of the Court

or alternatively the trier of fact pursuant to La. Civ. Code Article 2324.1 which states "In

the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much

discretion must be left to the judge or jury."

**CAUSE OF ACTION IV:**

**(Plaintiff v. All Defendants)**

**Willful & Knowing Violations of 2013 Maryland Code**

**COMMERCIAL LAW §14-3202.**

124.    Plaintiff incorporates all the foregoing paragraphs as though the same were set

forth at length herein.

125.    Maryland Law provides that a violation of the Federal TCPA is a separate

violation of Maryland Code (Law).

126.    Defendant violated 3 subsections of the TCPA (b, c, and e) in each of their 68

violative calls to the Plaintiff's cellphone.

127.    2013 Maryland Code COMMERCIAL LAW §14-3202(i) provides for the

recovery of damages for each violation of the TCPA in the amount of $500. Since each

call violated 3 subsections of the TCPA then Defendants are liable to Plaintiff for $1,500

for each of the 68 violative calls totaling $102,000.00 (One Hundred Two Thousand U.S.

Dollars).

**~~~Jury Trial Demanded on all Issues So Triable~~**

## PRAYER FOR RELIEF:

**Wherefore,** Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant up to $986,000.00 (Nine Hundred Eighty Six Thousand U.S. Dollars) based on the following requested relief:

Actual Damages;

Statutory Damages;

Treble Damages;

Stacked Damages;

Enhanced Civil Penalties;

Punitive Damages;

Enjoinder from Future Violations;

Pre & or Post Judgment Interest;

And such other and further relief the Court and or trier of fact deems necessary, just, and or proper.

Respectfully Submitted,

X _____          _12-/8 - 2 0 2 0_
Clinton Strange                              Dated
Pro Se
7021 Winburn Drive
Greenwood, LA 71033
(318) 423-5057
StrangeC982@gmail.com